# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| DARRELL FOSHEE | : | DOCKET NO. 05-1320 |
| --- | --- | --- |
| VS. | : | JUDGE MINALDI |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B).

After a review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. §405(g), the undersigned finds that the Commissioner's decision is not supported by substantial evidence in the record.

## BACKGROUND

Darrell Foshee protectively filed a claim for Disability Insurance Benefits on March 28, 2002. (Tr. 88-91). He alleged an inability to work since March 22, 2002, due to history of dissecting aortic aneurysm, hypertension, and seizure disorder (Tr. 89, 112). The claim was denied at the agency level of the administrative process. (Tr. 48-51). Thereafter, Foshee requested, and received a February 13, 2003, hearing before an Administrative Law Judge ("ALJ"). (Tr. 365-400). However, in a July 24, 2003, written decision, the ALJ determined that Foshee was not disabled under the Act, finding at Step Four of the sequential evaluation process that he was capable of performing the demands of past relevant work. (Tr. 38-44). Foshee appealed the adverse decision to the Appeals Council. On August 29, 2003, the Appeals Council: granted the request for review, vacated the ALJ's decision, and remanded the case for

further proceedings. (Tr. 46-57).

Upon remand, a hearing was held on August 4, 2004, before the same ALJ. (Tr. 401-441). However, in an August 27, 2004, written decision, the ALJ again determined that Foshee was not disabled under the Act, finding at Step Five of the sequential evaluation process that he was capable of making a successful adjustment to work that exists in significant numbers in the national economy. (Tr. 21-27). Foshee appealed the adverse decision to the Appeals Council. Yet, on May 23, 2005, the Appeals Council denied Foshee's request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 8-11).

On July 22, 2005, Foshee filed the instant suit to have this court review the denial of benefits. He alleges the following errors:

(1)     the ALJ's Step Three determination that plaintiff's impairments do not meet or medically equal any one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4 is not supported by substantial evidence;[1]

(2)     the ALJ failed to perform a function by function assessment of the plaintiff's residual functional capacity; and

(3)     the ALJ's decision is premised upon unreliable vocational expert testimony.

## **STANDARD OF REVIEW**

The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1983). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached

---

[1] This issue was raised by plaintiff in response to the court's inquiry. (*See*, June 23, 2006, Order). The Commissioner argues that plaintiff waived this issue by failing to raise it in his original brief. However the cases cited by the Commissioner address issues that were raised in the first instance before the court of appeals. (*See*, Def. Suppl. Brief, pg. 2).

by applying the improper legal standards. *Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401.

When appearing before the ALJ, the plaintiff had the burden of proof to establish a medically determinable physical or mental impairment that prevented him from engaging in any substantial gainful activity for at least twelve consecutive months. 42 U.S.C. §§423(d)(1)(A) & 1381(a). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen,* 864 F.2d 340, 343-344 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## **LAW AND ANALYSIS**

The secretary evaluates disability claims under the Social Security Act through a five-step process: (1) Is the claimant currently working and engaged in substantial gainful activity? (2) Can the impairment or combination of impairments be classified as severe? (3) Does the impairment(s) meet or equal a listed impairment in Appendix 1 of the Secretary's regulations? (If so, disability is automatic.) (4) Does the claimant's residual functional capacity permit him to perform past relevant work? and if not, (5) Can the claimant perform other work? 20 C.F.R. §§ 404.1520, 416.920. When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). The first four steps place the burden upon the claimant. At the fifth step, the burden shifts to the Secretary to establish that the claimant can perform other work. If the Secretary meets this burden, then the claimant must then prove that he cannot in fact perform the work suggested. *See Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994); *Muse v. Sullivan*, 925 F.2d 785 (5th Cir. 1991).

Issue 1:

The ALJ found at Step Two of the sequential evaluation process that plaintiff suffers

3

from severe impairments of aortic arch aneurysm, status post aortic valve replacement, aortic root replacement, pacemaker implantation, hypertension, and seizure disorder. (Tr. 22-23, 26). The ALJ concluded that the impairments were not severe enough to meet or medically equal any one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. *Id.*[2]

However, less than three months after the ALJ's decision, two of plaintiff's treating physicians, Dr. Salibi and Dr. Turner, completed forms indicating that plaintiff met several listings. (Tr. 347-355). This evidence was presented to the Appeals Council which considered it, but cursorily determined that it did not provide a basis for changing the ALJ's decision. (Tr. 9). The Commissioner agrees that this new evidence is part of the instant record, and that we must consider it in our review of the final administrative decision. ( Def. Suppl. Brief, pgs. 2-3, citing, *Higginbotham v. Barnhart* 405 F.3d 332 (5th Cir. 2005).

Nonetheless, the Commissioner argues that the new evidence must relate to the relevant time period, *i.e.* before August 27, 2004, – the date of the ALJ's decision. Even so, Drs. Salibi and Turner completed the forms less than three months after the ALJ's decision. During that brief intervening period, there is no evidence that plaintiff's condition deteriorated or worsened. Thus, the doctors' assessments remain relevant to the period at issue.

The Commissioner argues that the doctors' opinions do not undermine the ALJ's decision because they are inconsistent and unsupported by substantial evidence in the record. As to Dr. Salibi, we agree. Dr. Salibi opined that plaintiff met Listing 11.02 for Epilepsy. (Tr. 348). Listing 11.02 requires that the plaintiff experience seizures more frequently than once per month. *Id*. However, Dr. Salibi indicated that plaintiff reported only 2-3 seizures per year. *Id*.

In contrast, Dr. Turner, plaintiff's treating cardiologist, indicated that plaintiff met

---

[2] At Step Three, a claimant must provide medical findings that support *all* of the criteria for the equivalent impairment determination. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990)(citing, *Sullivan v. Zebley*, 493 U.S. 521, 110 S.Ct. 885, 891 (1990)(emphasis added).

4

Listings 4.03, 4.05, 4.07, and 4.10.  (Tr. 349-355).[3]  The Commissioner argues that Dr. Turner's opinion is inconsistent with the finding of the agency's non-examining physician, Dr. Hollis Rogers.  (Tr. 34).[4]  However, the regulations provide that when the treating source has seen the claimant a number of times and long enough to obtain a longitudinal picture of the impairment, then the treating source's opinion will generally be given more weight than if it were from a non-treating source.  20 C.F.R. § 404.1527(d)(2)(i).[5]  Moreover, an ALJ may properly rely on a non-examining physician's assessment only when those findings do not contradict the findings of the examining physician.  *Carrier v. Sullivan*, 944 F.2d 243, 246 (5th Cir.1991)(quoted source omitted).

The Commissioner contends that Dr. Turner's opinion is inconsistent with plaintiff's work history.  The Commissioner observes that plaintiff's heart surgeries occurred in 1985, 1988, 1994, and 1995, yet he continued to work until 2002.  (*See*, Tr. 252, 96).  However, in 2002-2003, the record reveals that plaintiff was hospitalized several times for chest pain or atrial fibrillation.  (Tr. 211, 213, 270-271, 278-279, 292).

The Commissioner further argues that Dr. Turner's treatment notes are inconsistent with his opinion that Foshee's heart condition met several listings.  Although Dr. Turner's notes indicate that plaintiff was doing well, and that his condition was responding to treatment, the Commissioner has not demonstrated how these statements are inconsistent with the criteria for Listings 4.03, 4.05, 4.07, and 4.10 as they existed at the time of the ALJ's decision.[6]  The

---

[3] He also indicated that plaintiff's impairments did not meet Listings 4.02, 4.04, 4.06, 4.07B-C, 4.08, or 4.09.  *Id*.

[4] Dr. Rogers' specialty is internal medicine.  (Tr. 200).

[5] Dr. Turner has treated plaintiff since 1985.  (Tr. 355).

[6] It seems that Listings 4.03, 4.05, 4.07, and 4.10 have been modified since the ALJ's decision.  *See*, Listings 4.03, 4.05, 4.07, & 4.10, 20 C.F.R. Pt. 404, Subpt. P, App. 1 (2006).  Nevertheless, plaintiff may still meet one or more of the listings even after the changes.  This can be addressed upon remand.

Commissioner's arguments that plaintiff's impairments do not prevent him from working would have greater significance if Dr. Turner's November 2004 opinion addressed plaintiff's residual functional capacity.  Of course, Dr. Turner's opinion is directed to Step Three of the sequential evaluation process.

We emphasize that the Listing of Impairments describes impairments that the Commissioner considers to be severe enough to prevent an individual from performing any gainful activity, regardless of his age, education or work experience.  20 C.F.R. § 404.1525(a).  If the impairment satisfies all of the criteria of a listing, then the Commissioner will find that the impairment meets the requirements of the listing.  20 C.F.R. § 404.1525(c)(3).  Most of the listed impairments are permanent or are expected to result in death.  20 C.F.R. § 404.1525(c)(4). Indeed, plaintiff's wife who is a registered nurse stated that most people with her husband's condition either are very old or they die.  (Tr. 390-391).  The doctors did not expect plaintiff to live following his surgery for dissecting aortic aneurysm in 1995.  *Id*.  Fortunately, plaintiff has proved the doctors wrong.

In sum, having considered the evidence that was presented in the first instance to the Appeals Council, the undersigned finds that the Commissioner's determination that the claimant was not disabled under the Social Security Act, is not supported by substantial evidence.[7] Therefore,

IT IS RECOMMENDED that the Commissioner's decision be reversed and remanded for further proceedings consistent with this opinion.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS**

---

[7] We do not reach plaintiff's remaining assignments of error.

**AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on July 12, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE